# DRAFT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUB GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| STEVE ROSE, | ) ) ) |
| Defendant. | ) ) ) ) |

**[PROPOSED] AGREED ORDER**

The parties agree to the following forensic inspection protocol (the "Protocol"):

1. Within three (3) business days after the entry of this Agreed Order, Defendant shall produce via common carrier, the following items (the "Electronic Sources") to Protek International Inc. ("Forensic Neutral"), 6262 Kingery Highway, Suite 270, Willowbrook, Illinois 60527:

    a. Lenovo Laptop;

    b. iPhone;

    c. The following DVD and USB flash media storage "thumb" drives, commonly known or physically identified by the following descriptions:

|    | **Device "Common" Name or Description** |
|----|----|
| 1) | Ativa DVD |
| 2) | Memorex DVD |
| 3) | Hentzen Thumb Drive [silver] |
| 4) | Hub Group Thumb Drive [silver] |
| 5) | Hub Group Thumb Drive [silver and red] |
| 6) | Pinnacle Thumb Drive [black] |
| 7) | Spring Mountain Thumb Drive [silver and black] |

# DRAFT

| | |
|---|---|
| 8) | "PQI" Thumb Drive [black] |
| 9) | Lexar Thumb Drive [black] |
| 10) | Unyson Logistics Thumb Drive [silver and black] |
| 11) | Silver & Blue Thumb Drive |

2. Concurrently with the production of the Electronic Sources, Defendant will provide Forensic Neutral the login IDs, passwords, and other information Forensic Neural needs to access the Electronic Sources and the following electronic accounts (the "Electronic Accounts"):

    a. srose53132@sbcglobal.net;

    b. srose53132@wi.rr.com;

    c. srose53132@icloud.com;

    d. Srose53132@gmail.com;

    e. steverose@milwaukeelogisticscouncil.org;

    f. steve@3plrecruiters.com

    g. iCloud account;

    h. Google Drive account.

3. Defendant's iPhone and Lenovo Laptop shall be mirrored by Forensic Neutral immediately and returned to Defendants' counsel by messenger delivery within 24 hours of receipt by Forensic Neutral.

4. Forensic Neutral shall search only the Electronic Sources and Electronic Accounts identified in Paragraph 1 (a)-(c) and 2(a)-(h) above pursuant to the search terms (the "Search Terms") and other analysis parameters outlined in Paragraph 5 below. If the parties cannot agree on Search Terms, the issue shall be raised with the Court. The search terms will be designated as "Attorneys' Eyes Only" and will not be shared with the parties.

# DRAFT

5. Assuming the parties reach an agreement with respect to Search Terms, by June 29, 2018, the parties shall deliver the Search Terms to the Forensic Neutral. Forensic Neutral shall immediately execute the search terms across all Electronic Sources and Electronic Accounts, and share a detailed spreadsheet report of hits to the Search Terms to **both parties**. Such report shall not include the content of files, but shall include:

   a. For both files and email, the Electronic Source or Electronic Account where the search hit was found;

   b. For files, all filesystem dates (created, accessed, last written, last modified, deleted);

   c. For files, the file type;

   d. For files, the logical file size;

   e. For files, the file extension;

   f. For files, the current status of file (deleted but recoverable, overwritten, active, wiped, etc.);

   g. For files, the hash value (SHA-1) of the file, which shall be used as a control number to identify the particular file throughout execution of this Protocol by any party;

   h. For email, the date sent, received, or stored;

   i. For email, the participating email addresses;

   j. For email, the hash value (SHA-1 or similar) of various combined email fields, which shall be used as a control number to identify the particular file throughout execution of this Protocol by any party;

# DRAFT

6.      In addition to the Search Terms, Forensic Neutral shall conduct an investigation to determine whether electronic data has been wiped, destroyed, deleted, or otherwise removed from any of the Electronic Sources or Electronic Accounts. Any analysis of a computer shall include an analysis of USB device activity and activity relating to the upload/sharing of data from cloud storage/sharing services. Forensic Neutral shall prepare a USB summary report that identifies the serial number and name of each device as well as what dates/times such USB devices were plugged in. Forensic Neutral shall utilize built-in forensic software functions to recover the file names, content, and metadata of any data discovered in a state of deletion, wiping, or destruction or overwriting, but shall not undertake manual data "carving" from unallocated space.

7.      Notwithstanding anything to the contrary, the Parties agree and acknowledge that the examination of the devices shall exclude the examination of any systems, databases, networks, programs, applications, files, data, documents and materials that are owned, hosted, operated or managed by Redwood Logistics, LLC and/or any of its predecessor or affiliated entities (collectively, "Redwood"), including but not limited to the Microsoft Office suite of software, products and applications (including Outlook) and Redwood's customer relationship management software, products and applications (including Vision and Zoho) (collectively, the "Redwood Applications"). To the extent that the examination yields any "hits" from the Redwood Applications, such "hits" shall not be disclosed to or shared with Hub. For the sake of clarity, this restriction, precludes any search/examination of (among other things) Defendant's Redwood Logistics, LLC email account – srose@Redwwodlogistics.com.

8.      Concurrently with the delivery of a report on the Search Term hits as outlined in Paragraph 4, above, Forensic Neutral shall promptly provide Defendant's counsel with complete,

DRAFT

restored copies of all files yielded by hits to the agreed upon Search Terms. Forensic Neutral shall deliver both native files and forensic logical forensic container files (such as .L01 files) to Defendant's counsel.

9. Within twenty-one (21) calendar days after Defendant's counsel receipt of the material referenced in Paragraph 8 herein, Defendant shall identify all files Defendant contends are protected by the attorney-client privilege, work-product doctrine or other applicable privilege or otherwise protected from disclosure. Defendant shall identify his objections through a privilege log consistent with the Federal Rules of Civil Procedure, which shall be served upon Plaintiff's counsel. During this period, Defendant may also withhold documents that are irrelevant (such as, for example. those of a personal nature). Such relevancy withholdings need not be included on the privilege log. Thereafter, Defendant's counsel shall communicate to Forensic Neutral the hash values (SHA-1 or similar) corresponding to the information to be excluded from the information set to be produced to Plaintiff's counsel, as explained in Paragraph 10 herein.

10. Within one (1) business day after Defendant's counsel communicates to Forensic Neutral the hash value (SHA-1 or similar) corresponding to the information to be excluded from the information set produced to Plaintiff's counsel, Forensic Neutral shall produce to Plaintiff's counsel non-privileged (or otherwise protected) relevant information yielded by the agreed upon Search Terms and parameters in both native file and logical forensic container file (such as .L01), which shall exclude any and all information identified by Defendant as restricted from production as explained in Paragraph 9 herein. For the sake of clarity, Forensic Neutral shall not produce to Plaintiff's counsel any information listed on Defendant's privilege log or information that has been identified by Defendant as irrelevant.

# DRAFT

11. Plaintiff shall have five (5) business days from the date on which it has been provided with a complete production to review the files for files belonging to Plaintiff. Plaintiff shall deliver to Forensic Neutral and Defendant, within one (1) day of completion of Plaintiff's review, a listing of files and identifiers it contends are Plaintiff's property. Forensic Neutral shall take steps to permanently and irrevocably wipe these files from Defendant's original Electronic Source or Electronic Account. To the extent that any of the identified information resides on the Lenovo Laptop or iPhone, this Lenovo Laptop and/or iPhone shall be made available to Forensic Neutral for a maximum of 24 hours to complete the wiping of the disputed data, after which these devices shall be returned by Forensic Neutral to Defendant's counsel by messenger delivery. Forensic Neutral shall verify destruction of these files and provide a Certificate of Destruction relating to the same. Forensic Neutral shall preserve and maintain a native copy of all documents/data identified for destruction/wiping by Plaintiff until otherwise directed by agreement of the parties or order of the Court. Any other information sourced from Defendants' Electronic Accounts and/or Electronic Devices in the possession of Forensic Neutral shall immediately be forensically destroyed/wiped by Forensic Neutral.

12. Following the Forensic Neutral's work outlined above, the Forensic Neutral shall return the Electronic Sources to Defendant's counsel and forensically destroy all credentials provided by Defendant.

13. Defendant and Plaintiff shall each be equally (50% / 50%) responsible for the Forensic Neutral's work set forth herein. However, 100% of the cost/expense of any deletion/wiping of the Electronic Sources and/or Electronic Accounts, as detailed in Paragraph 11 herein, shall be borne by Plaintiff. Additionally, Defendant's total obligation under this Order shall be capped at $10,000, exclusive of any messenger fees incurred for expedited delivery of

# DRAFT

the iPhone and/or Lenovo Laptop. Forensic Neutral shall not be authorized to undertake any other work or service unless agreed to by the parties in writing.

14. Forensic Neutral may not work as a consultant or expert in this lawsuit for either party. Forensic Neutral may not have any unilateral communications either party. All communications by the parties shall be transparent as to the Forensic Neutral.

15. If necessary, the parties may jointly or individually petition the Court for modification of the time deadlines outlined in this Agreed Protocol.

**Dated: June 20, 2018**     **SO ORDERED**:

*Jointly Prepared By*
*Counsel For Both Parties*

*Hon. Rebecca R. Pallmeyer*